**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSEPH SILLIMAN,<br>#B82657,<br><br>       **Plaintiff,**<br><br>vs.<br><br>DEPUTY DAVIS<br>and NURSE GAYLE,<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)  **Case No. 17−cv−00301−JPG**<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Silliman, a former detainee at Jackson County Jail ("Jail"), brings this civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff was injured at the Jail when Deputy Davis intervened to stop an attack on Plaintiff by two fellow inmates. (Doc. 1, pp. 1-9). He was also denied adequate medical care for his injuries by Nurse Gayle. *Id*. He brings this action against Deputy Davis and Nurse Gayle in their individual and official capacities for declaratory judgment and monetary relief. (Doc. 1, pp. 9-10).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** − The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** − On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint−
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

### The Complaint

According to the Complaint, Plaintiff was detained at Jackson County Jail from June 25, 2016 until November 16, 2016. (Doc. 1, p. 5). While housed in the F Block on August 31, 2016, he was attacked by two other inmates. *Id*. Plaintiff alleges that he was "forced to defend himself." *Id*.

Deputy Davis intervened during the attack. (Doc. 1, p. 5). He placed Plaintiff in a "full nelson choke hold, forcing Plaintiff to the ground [and] applying such force as to deny Plaintiff the ability to breath[e]." *Id*. Plaintiff suffered from debilitating pain in his neck and back. *Id*. Although Plaintiff did not resist, Deputy Davis continued applying force while asking Plaintiff "if he was done." (Doc. 1, pp. 5-6). Unable to breathe, Plaintiff could not respond verbally to the question. *Id*.

Deputy Davis then picked up Plaintiff and carried him in the same choke hold "all the way across the Jail to Booking whereby De[puty] Davis threw Plaintiff to the floor and stated 'no

2

one cares about you anyway.'" (Doc. 1, p. 6). Plaintiff found himself unable to move due to severe pain in his neck and back. He remained in the same position on the floor for the next two hours, until he began to regain movement in his lower extremities. *Id*.

Plaintiff filed a grievance to complain about Deputy Davis' use of excessive force against him the same day. (Doc. 1, p. 7). He received no response to his initial grievance until September 12, 2016. *Id*. While awaiting a response to his first grievance, Plaintiff submitted a second grievance to complain about his untreated injuries on September 2, 2016. *Id*. He described "increasing pain." (Doc. 1, pp. 7, 13). Nurse Gayle met with Plaintiff the following day. (Doc. 1, p. 7). Plaintiff told Nurse Gayle that he was still experiencing severe pain, limited mobility, shallow breathing, and numbness and tingling in his fingertips and feet. *Id*. Nurse Gayle said, "If you can move your arms and legs[,] you are fine." *Id*. She refused to examine his injuries or treat him. *Id*. Instead, Nurse Gayle prescribed Plaintiff a muscle relaxant, but it did not help. (Doc. 1, p. 8). Several times, Plaintiff informed the nurse that the muscle relaxants were ineffective. *Id*. He complained of ongoing pain in his neck and back. *Id*. In response, Nurse Gayle stated, "Nothing can be done." *Id*.

Plaintiff now asserts an excessive force claim against Deputy Davis and a claim based on the denial of medical care against Nurse Gayle. (Doc. 1, pp. 2, 8-9). He seeks declaratory judgment and monetary damages against both defendants. (Doc. 1, pp. 2, 9-10).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1 -** Excessive force claim against Deputy Davis for restraining Plaintiff until he could not breathe, speak, or move and causing him to sustain injuries on August 31, 2016.

**Count 2 -** Denial of adequate medical care claim against Nurse Gayle for refusing to examine or properly treat the injuries Deputy Davis inflicted upon Plaintiff on August 31, 2016.

Both claims survive screening and are subject to further review against the defendant who is named in connection with each claim above.

With that said, it is not entirely clear what legal standard applies to each of Plaintiff's claims. In the Complaint, Plaintiff refers to himself as a prisoner. If he was a prisoner at the time his claims arose, then the Eighth Amendment applies to both claims. The Eighth Amendment protects prisoners from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, the Court notes that Plaintiff was in jail at the time his claims arose. If he was actually a pretrial detainee, then his claims are instead governed by the Due Process Clause of the Fourteenth Amendment, which proscribes "punishment." *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citations omitted)).

**Count 1**

In the context of excessive force claims, different standards apply to prisoners and pretrial detainees. *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015) (holding that different standards apply to excessive force claims brought by sentenced prisoners and pretrial detainees). A prisoner who asserts an excessive force claim must demonstrate that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Factors that are considered relevant to the

officer's state of mind include "the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper severity of the force, and the extent of injuries caused by the force." *Caffey v. Maue*, -- F. App'x --, No. 15-3772, 2017 WL 659349 (7th Cir. Feb. 15, 2017) (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012)).

The allegations in the Complaint support an Eighth Amendment excessive force claim against Deputy Davis. According to the Complaint, the deputy held Plaintiff in a choke hold for a significant time period and a significant distance, despite allegations that Plaintiff offered no resistance. (Doc. 1, pp. 5-7). The hold was so tight that Plaintiff could not breathe and even lost the ability to move his extremities for two hours after he was released from the choke hold. *Id*. Given these allegations, Count 1 survives preliminary review against Deputy Davis, even if Plaintiff was a prisoner at the time of the incident.

Pretrial detainees cannot be punished at all, much less "maliciously and sadistically." *Kingsley*, -- U.S. --, 135 S. Ct. at 2475 (citations omitted). A pretrial detainee bringing an excessive force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473; *Kingsley v. Hendrickson*, 801 F.3d 828, 830 (7th Cir. 2015) (per curiam). No showing regarding the defendant's state of mind is required. *Id*. The allegations in the Complaint satisfy this standard as well. *See, e.g.*, *Maus v. Baker*, 641 F. App'x 596, 599 (7th Cir. 2016) (allowing excessive force claim brought by pretrial detainee to proceed against jail officials who choked and pushed him). Accordingly, Count 1 is subject to further review against Deputy Davis in his individual capacity, regardless of Plaintiff's status as a prisoner or pretrial detainee at the time.

**Count 2**

In the context of medical claims, there is little practical difference between the standards that apply to convicted prisoners and pretrial detainees. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Smentek v. Dart*, 683 F.3d 373, 374 (7th Cir. 2012). In this context, Fourteenth Amendment claims are "appropriately analyzed under the Eighth Amendment." *Smith v. Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners.").

The Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering that serves no penological purpose. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). To state a claim, a prisoner must show that (1) his medical need was sufficiently serious (an objective standard), and (2) state officials acted with deliberate indifference to the prisoner's health or safety (a subjective standard). *Farmer*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The injuries that Plaintiff describes in the Complaint satisfy the objective component of this claim for screening purposes. He describes persistent pain in his neck and back. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (even if far from being life-threatening, medical condition is sufficiently serious to support Eighth Amendment claim if denial of medical care would result in needless pain and suffering). Plaintiff also describes immobility and numbness or tingling in his extremities. *Zirko v. Ghosh*, No. 10 C 08135, 2015 WL 6447768 (N.D. Ill. 2015) (numbness and tingling caused by

6

herniated disc sufficiently serious to support Eighth Amendment claim).  Plaintiff's injuries satisfy the objective component of this claim at screening.

With regard to the subjective component of this claim, the Complaint must "demonstrate that prison officials acted with deliberate indifference.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Prison officials exhibit deliberate indifference when they "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and by "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).  Negligence, or even gross negligence, does not support a deliberate indifference claim.  *Id*.

The Complaint satisfies the subjective component of this claim against Nurse Gayle.  The allegations clearly suggest that Nurse Gayle was aware of Plaintiff's injuries.  (Doc. 1, pp. 5-8).  Plaintiff informed her about each of his symptoms in writing and in person.  *Id*.  Nevertheless, the nurse refused to examine Plaintiff.  *Id*.  Although she ordered muscle relaxants, Plaintiff repeatedly told her that they were ineffective.  *Id*.  Even this did not prompt the nurse to examine Plaintiff or consider other treatment options.  *See Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment); *Johnson v. Doughty*,433 F.3d 1001, 1013 (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective").

The allegations support a medical needs claim against Nurse Gayle, regardless of Plaintiff's status as a prisoner or pretrial detainee at the time he was denied medical treatment. Accordingly, Count 2 shall receive further review against this defendant in her individual capacity.

**Official Capacity Claims**

Plaintiff sued both defendants in their individual and official capacities, but only the individual capacity claims survive preliminary review. A claim against the defendants in their official capacities represents a claim against the county. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). In order to maintain this claim, Plaintiff must demonstrate that his constitutional rights were violated by some official policy or custom. *Monell*, 436 U.S. at 694; *Pembauer v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). Plaintiff does not mention any official policy of custom giving rise to the violations at issue. His allegations suggest that the violations were nothing more than a single occurrence. Accordingly, the official capacity claims shall be dismissed without prejudice from this action.

**Pending Motion**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED**. Given that Plaintiff is a state prisoner who has been granted leave to proceed *in forma pauperis*, the Court will order service on the defendants as a matter of course. Plaintiff's motion is unnecessary under the circumstances.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **DEPUTY DAVIS** in his individual capacity only; the official capacity claim against this defendant is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 1** is **DISMISSED** with prejudice against Defendant **NURSE GAYLE** in her individual and official capacities for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** will proceed against Defendant **NURSE**

8

**GAYLE** in her individual capacity only; the official capacity claim against this defendant is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. However, **COUNT 2** is **DISMISSED** without prejudice against Defendant **DEPUTY DAVIS** in his individual and official capacities for failure to state a claim upon which relief may be granted.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **DEPUTY DAVIS** and **NURSE GAYLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

*s/J. Phil Gilbert*
United States District Judge
